United States District Court
Southern District of Texas

**ENTERED**

October 02, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,  §
                           §
            Plaintiff,     §
                           §
v.                         §      CRIMINAL NUMBER H-19-883
                           §
MARLENE INGRID BOVELL,     §
                           §
            Defendant.     §

## MEMORANDUM OPINION AND ORDER

On December 10, 2019, a four-count indictment was filed charging defendant Marlene Ingrid Bovell ("Defendant") with violating 18 U.S.C. § 1425(b) by fraudulently obtaining naturalization and citizenship by falsely stating that she had never been arrested, cited, or detained by law enforcement for any reason or convicted of a crime when she had been arrested, convicted, and imprisoned for felony theft in the Royal Cayman Islands.[1]  Pending before the court are Defendant's Motion to Suppress (Docket Entry No. 20) ("First Motion to Suppress") and Defendant's Second Motion to Suppress and Dismiss (Docket Entry No. 26) ("Second Motion to Suppress").  For the reasons stated below, Defendant's motions will be denied.

---

[1]Indictment, Docket Entry No. 1, p. 1.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

## I.  Background

Defendant is a naturalized U.S. citizen from Trinidad and Tobago.[2]  On her January 6, 2016, application for naturalization Defendant stated that she had never committed, been arrested for, been charged for, or been convicted of a crime.[3]  In fact Defendant was convicted of theft in the Cayman Islands in October of 2008.[4]

In 2018 Defendant obtained employment as an assistant district attorney for the Harris County District Attorney's Office ("HCDAO").[5]  On February 14, 2018, Defendant was summoned to a meeting where her HCDAO supervisors revealed they had learned of a Cayman Islands news article from December of 2010 that discussed the conviction for theft of a "Marlene Bovell-Swanson."[6]  During the meeting the HCDAO Human Resources Director asked Defendant if she was the person described by the news article.[7]  Defendant

---

[2]Homeland Security Report of Investigation, Exhibit 7 to First Motion to Suppress, Docket Entry No. 20-6, p. 2; Application for Naturalization, Exhibit 8 to First Motion to Suppress, Docket Entry No. 20-7, p. 2 ¶ 8.

[3]Approved Application for Naturalization, Exhibit 8 to First Motion to Suppress, Docket Entry No. 20-7, p. 15, questions 22-25.

[4]Second Motion to Suppress, Docket Entry No. 26, p. 1; Royal Cayman Islands Police Service Criminal Records Office, Exhibit 9 to First Motion to Suppress, Docket Entry No. 20-8, p. 1.

[5]First Motion to Suppress, Docket Entry No. 20, p. 1.

[6]Id. at 1-2; see Cayman Compass News Article, Exhibit 2 to First Motion to Suppress, Docket Entry No. 20-1, p. 1.

[7]First Motion to Suppress, Docket Entry No. 20, p. 2; Transcript of February 14, 2018, Meeting, Exhibit 1 to First Motion to Suppress, Docket Entry No. 26, p. 21.

admitted that she was the person and that on her employment application she falsely denied having ever been arrested, charged, or convicted of any offense.[8]  Defendant also stated that she did not "have to" disclose the matter when she applied for a passport to come to the United States.[9]  The HCDAO terminated Defendant's employment the same day.[10]

The HCDAO obtained information from the Royal Cayman Island Police Service confirming that Defendant had been convicted of a crime and referred the matter to the Department of Homeland Security ("DHS") to investigate for possible benefits fraud.[11]  A DHS agent confirmed Defendant's criminal history and that Defendant had stated when applying for naturalization that she had not committed, been arrested for, charged for, or convicted of any crime.[12]  On December 10, 2019, Defendant was indicted on four counts of Fraud in the Procurement of Citizenship in violation of 18 U.S.C. § 1425(b).[13]

---

[8]Transcript of February 14, 2018, Meeting, Exhibit 1 to First Motion to Suppress, Docket Entry No. 20, pp. 21-22.

[9]Id. at 23.

[10]First Motion to Suppress, Docket Entry No. 20, p. 3.

[11]Id. at 4.

[12]Id. at 5; see Department of Homeland Security Report of Investigation, Approved September 13, 2018, Exhibit 10 to First Motion to Suppress, Docket Entry No. 20-9, p. 2.

[13]Indictment, Docket Entry No. 1.

Defendant has filed two motions to suppress.  Defendant's
First Motion to Suppress argues that the February 14, 2018, HCDAO
meeting was an involuntary interrogation in which she was compelled
to give self-incriminating testimony and that Defendant's
admissions and any fruit from the interrogation must therefore be
suppressed.[14]  Defendant's Second Motion to Suppress argues that
under Cayman Island law an expunction of her conviction requires
the court to suppress testimony and evidence related to the
conviction.[15]

## II.  Defendant's First Motion to Suppress

Defendant argues that the February 14, 2018, meeting was an
unconstitutional interrogation because it involved Defendant's
State employer compelling her to give answers that might subject
her to future criminal proceedings in violation of her Fifth
Amendment right against self-incrimination.[16]  See Lefkowitz v.
Turley, 94 S. Ct. 316, 322-23 (1973) (holding that self-
incrimination protections applied in the context of State
compulsory interrogations of State employees).  Defendant also
argues that all evidence obtained by DHS investigators before her
indictment should be suppressed because the HCDAO referred her case

---

[14]First Motion to Suppress, Docket Entry No. 20, p. 7.

[15]Second Motion to Suppress, Docket Entry No. 26, p. 3.

[16]First Motion to Suppress, Docket Entry No. 20, p. 6.

to the DHS after conducting the February 14, 2018, meeting.[17]   The government disagrees and also argues that there is no need to consider the motion at this time because it does not plan to use this evidence at trial "unless unforeseen circumstances make it necessary."[18]

The government has explained that it plans to prove its case through the testimony of witnesses and evidence unrelated to the HCDAO meeting, such as testimony of the Royal Cayman Islands detective who investigated the original crime and Defendant's interview with United States Pretrial Services following her arrest.[19]   Since Defendant has not explained how this alternative evidence is either insufficient or causally connected to the HCDAO meeting, there is no need for the court to consider Defendant's motion at this time.   The court will defer ruling on the First Motion to Suppress until trial.

### III.   Defendant's Second Motion to Suppress

Defendant argues that the court is bound by treaty to respect Cayman Islands law under which Defendant's conviction has been expunged and therefore cannot be used as evidence.[20]   The government

---

[17]Id. at 14-17.

[18]Government's Response to Defendant's Motion to Suppress ("Government's First Response"), Docket Entry No. 21, p. 2.

[19]See id.

[20]Second Motion to Suppress, Docket Entry No. 26, p. 3; see Declaration of Expungement by Operation of Law Pursuant to Section
(continued...)

does not disagree with the applicability of Cayman Islands law but argues that it permits the admission of Defendant's conviction.[21]

Subsection 27(1)(a) of the Cayman Islands Criminal Records (Spent Convictions) Law (2018 Revision) requires that "no evidence shall be admissible in proceedings before a judicial authority to prove that a person has[:] (i) committed; (ii) been charged with; (iii) been prosecuted for; (iv) been convicted of; or (v) been sentenced for, the offense which was the subject of an expunged criminal record."[22]  Subsection 27(1)(b) states that "a person shall not, in any proceedings, be asked and, if asked, may answer in the negative any question relating to the person's criminal record which cannot be answered without acknowledging or referring to [the expunged conviction]."[23]  Subsection 27(2), however, allows a "judicial authority" to "require or admit the evidence in question" if "satisfied that justice cannot be done except by requiring or admitting" the evidence.[24]  The government argues that justice

---

[20](...continued)
15 of the Criminal Records (Spent Convictions) Law (2018 Revision) ("Declaration of Expungement"), Exhibit 3 to Second Motion to Suppress, Docket Entry No. 26-3, pp. 1-2.

[21]Government's Response to Defendant's Second Motion to Suppress ("Government's Response to Second Motion to Suppress"), Docket Entry No. 27, pp. 2-3.

[22]Cayman Islands Criminal Records (Spent Convictions) Law (2018 Revision), Exhibit 2 to Government's Response to Second Motion to Suppress, Docket Entry No. 27-2, pp. 17-18.

[23]Id. at 18.

[24]Id.

requires the admission of evidence relating to Defendant's conviction notwithstanding the expunction.[25]

Foreign pardons and expunctions are not generally recognized under United States immigrations laws. Le v. Lynch, 819 F.3d 98, 111 (5th Cir. 2016); Mullen-Cofee v. I.N.S., 976 F.2d 1375, 1379 (11th Cir. 1992). "[E]xpungement of [a] penal record or any other act of clemency granted by a foreign state" does not remove a criminal conviction as a ground of ineligibility for entry. 22 C.F.R. § 40.21(a)(5). Accordingly, courts have generally recognized that foreign expunctions do not prevent consideration of the relevant foreign conviction. See, e.g., Le, 819 F.3d at 111; Danso v. Gonzales, 489 F.3d 709, 717 (5th Cir. 2007). Moreover, the expunction of Defendant's conviction was not in effect when she made the alleged false representations on her January 6, 2016, naturalization application.[26] The Cayman Islands Criminal Records Law that Defendant relies on was first enacted on October 24, 2016, and Defendant cites the revised version dated February 28, 2018.[27] The Cayman Islands Expungement Board did not declare Defendant's conviction expunged until March 12, 2020.[28] The Cayman Islands

---

[25]Government's Response to Second Motion to Suppress, Docket Entry No. 27, p. 2.

[26]Approved Application for Naturalization, Exhibit 8 to First Motion to Suppress, Docket Entry No. 20-7, p. 1.

[27]Cayman Islands Criminal Records (Spent Convictions) Law (2018 Revision), Exhibit 2 to Government's Response to Second Motion to Suppress, Docket Entry No. 27-2, p. 2.

[28]Declaration of Expungement, Exhibit 3 to Second Motion to Suppress, Docket Entry No. 26-3, p. 1.

Criminal Records (Spent Convictions) Law authorizes those who have had their records expunged to deny their relevant criminal history when asked about it in official proceedings, but it does not retroactively authorize denials that occurred before the expunction.[29]   For these reasons, the court concludes that under United States and Cayman Islands law the expunction does not excuse Defendant's failure to truthfully disclose her criminal history on her application for naturalization; and, accordingly, justice requires that evidence of Defendant's conviction be admitted in this case.   Subsection 27(2) of the Cayman Islands Criminal Records Law permits the admission of evidence related to expunged convictions if otherwise justice cannot be done.[30]   Accordingly, Defendant's Second Motion to Suppress will be denied.

## IV.   Conclusions and Order

For the reasons stated above, Defendant's Motion to Suppress (Docket Entry No. 20) is **DEFERRED** until trial, and Defendant's Second Motion to Suppress and Dismiss (Docket Entry No. 26) is **DENIED**.   The court will conduct a final pretrial conference in

---

[29]See Cayman Islands Criminal Records (Spent Convictions) Law (2018 Revision), Exhibit 2 to Government's Response to Second Motion to Suppress, Docket Entry No. 27-2, pp. 17-18 (stating that a person shall be treated as having never committed, been charged with, been prosecuted for, been convicted of, or been sentenced for a crime when the criminal record "has been expunged") (emphasis added).

[30]Id. at 18 ¶ 27(2).

Courtroom 9-B, 9th Floor, United States Courthouse, 515 Rusk Street, Houston, Texas 77002, on Thursday, October 15, 2020, at 11:30 a.m.

    **SIGNED** at Houston, Texas, on this **2ᵈ** day of October, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE